

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Louis T. Holland
County Attorney
Montague County
Montague, Texas

Dear Sir:           Opinion No. O-1229
Re: Effective date of school
district consolidation.

      We are in receipt of your letter of August 2, 1939, requesting our opinion upon questions based upon the following facts:

      On October 15, 1938, an election was held to consolidate an independent and a common school district. The election to consolidate was carried by a large majority in the independent district and on October 17, 1938, the Commissioners' Court canvassed the returns in the common school district, declared the results to be 17 for consolidation and 12 against consolidation, and entered its order declaring said districts consolidated.

      Within the time and in the manner required by law, a majority of the board of trustees of the common school district purporting to act in their official capacity instituted an election contest alleging that illegal votes were cast for consolidation and that qualified voters were denied the right to vote, sufficient to have changed the result of such election.

      This case has not been tried and is still pending in the District Court, and the County Superintendent is holding all state, county and local funds of such common school district intact in the name of the common school district. No money has been withdrawn from the depository in the account of the common school district for payment of a teacher or other necessary expenses for the schooling of the children of such district during the past year.

      In April, 1939, a new trustee was elected in the common school district, and in June of this year, the new

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Louis T. Holland, Page 2

board purporting to act for the common school district, came into court and took a non-suit, whereupon the court permitted a former member of the board to substitute himself individually and proceed with the contest.

Your letter continues as follows:

"1. Was consolidation effective from the date of the canvass of the returns and declaration of results of such election in favor of consolidation, and would such common school district at that time become a part of the independent district, and does it so continue as such until such time as said election may be set aside by a final judgment of a court of competent jurisdiction? This question is based upon the proposition that no restraining order has been asked for or granted against anyone.

"2. If you have answered the foregoing question in the negative, then I ask if the Board of Trustees of the common school district are now clothed with full power and authority to issue vouchers in payment of funds expended for teacher, supplies, etc., used in the schooling of the children of said district during the year 1938-39.

"It is my view of the situation that such consolidation was complete and effective from and after the date of the canvass of the returns and declaration of the results of said election by the commissioners' court, and that such consolidation will remain in full force and effect, unless, and until such election is declared to be invalid by a final judgment of a proper court."

Article 2806, Revised Civil Statutes, 1925, provides for the consolidation of common and independent school districts, and reads, in part, as follows:

Honorable Louis T. Holland, Page 3

> ". . . The commissioners' court shall at its next meeting canvass the returns of said election, and if the votes cast in each and all districts show a majority in each district voting separately in favor of such consolidation, the court shall declare the school districts consolidated."

The consolidation of school districts becomes effective upon the canvass of the election and declaration of the result by the commissioners' court, as provided in Article 2806. Bland vs. Orangefield Independent School District (T.C.A. 1929), 24 S.W. (2d) 73.

The consolidation having been consummated and effective immediately upon entry of the order by the commissioners' court, would an election contest subsequently filed alleging irregularities in the conduct of said election within itself supersede and suspend the order of the commissioners' court pending a final determination of said suit? We think not. Undoubtedly the order of the commissioners' court canvassing the result of said election and declaring said districts consolidated carries with it a presumption of validity until set aside by final judgment or proper order of a court of competent jurisdiction. We find no provision in our statutes which would authorize an individual in a case such as this to suspend the effectiveness of an order of the commissioners' court, presumptively valid on its face, by merely filing an election contest with allegations of irregularities in the conduct of said election with no restraining order asked for or granted pending the final determination of the suit.

It is our opinion that the consolidation of a common and independent school district becomes effective immediately upon the canvass of the election returns by the commissioners' court with the findings required by Article 2806, Revised Civil Statutes, 1925, and in the absence of an order to the contrary, an election contest subsequently filed alleging irregularities in said election, would not suspend such order of consolidation pendente lite.

Having answered your first question in the affirmative, your second question does not require an answer.

Honorable Louis T. Holland, Page 4

This opinion is based upon the assumption that no fatal irregularity in the consolidation proceeding appears upon the face of the record.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil Cammack,_
Cecil C. Cammack
Assistant

CCC:FG

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

APPROVED AUG 11, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS